Dear Mr. Jordan:
The Division of Administration through the Louisiana Property Assistance Agency ("LPAA"), an office within the Division, questions whether or not the Firefighters' Retirement System and the Municipal Police Employees' Retirement System fall under its jurisdiction. LPAA believes they do fall under its jurisdiction. In short, it is our opinion that these statewide retirement systems do not fall under the jurisdiction of the LPAA.
As noted in your request, the Division of Administration is statutorily charged with the management of state property.[1] This responsibility is carried out by the LPAA. The statutes pertaining to property control specifically define agency as follows:
 (1) "Agency" means any state office, department, board, commission, institution, division, officer or other person, or functional group, heretofore existing or hereafter created, that is authorized to exercise, or that does exercise, any functions of the government of the state, but not any governing body or officer of any local government or subdivision of the state, district attorney, sheriff, or any parochial officer who exercises functions coterminous with the municipality in which he performs those functions.[2] (Emphasis added).
Thus, the law exempts local governments, governing bodies, officers or subdivisions of the state.
It is first important to note that there are different types of retirement systems in the state of Louisiana. There are state systems and statewide systems. State systems are under the management of a board of trustees for the purpose of providing retirement *Page 2 
allowances and other benefits for state officers, their employees and beneficiaries.[3] The Louisiana State Employees Retirement System (LASERS), for example, is statutorily designated as a state agency.[4] For LASERS, employee is defined as any person legally occupying a position in state service and employer is defined as the state of Louisiana or any of its boards, commissions, departments, agencies and courts.[5] There are four state systems and although each of them have their own enabling legislation, they are all created for the benefit of state officers and employees.
On the contrary, the statewide systems were created for the benefit of local employees and their beneficiaries. For example, the Firefighters' Retirement System is not statutorily designated as a state agency. The statute states that the System has the power and privileges of a corporation.[6] An employee is defined as any full-time firefighter or any person in a position who is employed by a fire department of any municipality, parish or fire protection district of the state of Louisiana. An employer is defined as any municipality, parish, or fire protection district in the state of Louisiana.[7] This system, therefore, is for the benefit of local employees and employers.
Likewise the Municipal Police Employees' Retirement System is not statutorily designated as a state agency. It has the power and privileges of a corporation and was created for the benefit of municipal policemen in the state. Employee is defined as an officer employed by a municipality and employer is defined as any municipality in the state who employs a full-time police officer. Again, this system is for the benefit of local employees and employers.
Our opinion is further supported by the language in Article 10, Section 29 of the Louisiana Constitution that provides in pertinent part as follows:
 (B) Other officials and employees. The legislature shall enact laws providing for retirement of officials and employees of the state, its agencies, and its political subdivisions, including persons employed jointly by state and federal agencies other than those in military service, through the establishment of one or more retirement systems. Membership in any retirement system of the state or of a political subdivision thereof shall be a contractual relationship between employee and employer, and the state shall guarantee benefits payable to a member of a state retirement system or retiree or to his lawful beneficiary upon his death. *Page 3 
Thus, the constitution recognizes a system for political subdivisions.
You cited Attorney General Opinion Number 93-676 in your request to support your opinion that the statewide retirement systems, specifically, the Firefighters' Retirement System and the Municipal Police Employees' Retirement System, fall under your jurisdiction. We do not disagree with the findings in this opinion. We can, however, distinguish it from your request. It specifically addressed the applications of different state laws to statewide retirement systems. The opinion concluded that although the Louisiana Constitution does not specifically classify any of the public retirement systems as state agencies or as any particular type of entity it does make it clear that the legislature is left to determine the particulars of each system. We believe the legislature has done so and specifically designates a number of the state systems as state agencies.[8] The opinion concluded that the statewide retirement systems could be considered state agencies or at a minimum entities or instrumentalities of the state. Again, we do not necessarily disagree with that conclusion but we do note that the opinion did not consider whether or not the systems fell under the jurisdiction of the LPAA. The opinion specifically considered whether or not the statewide systems fell under the jurisdiction of the Administrative Procedure Act, the Legislative Auditor and the Code of Governmental Ethics. It should be noted that each of these bodies of law have their own definition of agency. Likewise, the LPAA has a specific definition of agency to determine what agencies fall under its jurisdiction. This language is clear; an agency does not include any governing body or officer of any local government or subdivision of the state. The Firefighters' Retirement System and the Municipal Police Employees' Retirement System consist of local employees and employers and therefore are not agencies as defined under the LPAA.
With Kindest Regards,
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ______________________ TINA VICARI GRANT Assistant Attorney General
CCF, jr./TVG/dam
[1] La. R.S. 39:326.
[2] La. R.S. 39:321.
[3] La. R.S. 11:401.
[4] La. R.S. 11:402.
[5] La. R.S. 11:403.
[6] La. R.S. 11:2252.
[7] Id.
[8] Louisiana State Employees Retirement System (LASERS) (La. R.S. 11:402); Louisiana School Employees Retirement System (LSERS) (La. R.S. 11:1001).